UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

Petitioner,

v.

SCOTT KERNAN, et al.,

Respondents.

Case No.: 18cv1833-WQH(MSB)

**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 11]**

This Report and Recommendation is submitted to United States District Court Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. For the reasons set forth below, the Court **RECOMMENDS** that Petitioner's Motion for Default Judgment be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 6, 2018, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1]. On August 28, 2018, District Judge William Q. Hayes dismissed the case without prejudice because Petitioner failed to satisfy the filing fee requirement [ECF No. 2]. Petitioner's Application to Proceed in Forma Pauperis was granted on October 5, 2018 [ECF Nos. 3, 5]. The same day, Magistrate Judge Marc L. Goldman issued an "Order Reopening Case and Setting

Briefing Schedule." (Order Reopening Case, ECF No. 6). The order directed Respondent to file a motion to dismiss or an answer to the Petition no later than December 7, 2018, and Petitioner to file an opposition to the motion to dismiss or traverse to matters raised in the answer by January 7, 2019. (Id. at 2-3.) On November 7, 2018, the case was transferred to Magistrate Judge Michael S. Berg [ECF No. 7].

On November 30, 2018, Respondent filed an "Ex Parte Application for Order Extending the Time to File a Response to Petition for Writ of Habeas Corpus." (Ex Parte Appl., ECF No. 8.) On December 3, 2018, the Court issued an order granting the application and extending Respondent's deadline to file a motion to dismiss or an answer until February 6, 2019. (Order, ECF No. 9.) The Court also extended Petitioner's deadline to file an opposition to the motion to dismiss or traverse to matters raised in the answer until March 11, 2019. (Id.) On December 8, 2018, Petitioner constructively filed a "Notice/Motion for Judgment by Default," which the Court accepted on discrepancy on December 13, 2018 [ECF Nos. 10, 11].

## II.   LEGAL STANDARD

"The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) (citations omitted). "[A]n untimely filing by Respondent provides no basis for entry of a default judgment in a federal habeas proceedings. Even where a respondent is delinquent, the Court is obligated to hear the case on its merits." Crim v. Benov, No. 1:10–cv–01600–OWW–JLT HC, 2011 WL 1636867, at *12 (E.D. Cal. Apr. 29, 2011) (citing Gordon, 895 F.2d at 612).

## III.   DISCUSSION

Petitioner Williams moves the Court for "immediate Judgment by default." (Mot. Default, ECF No. 11.) Petitioner contends that good cause exists to grant his motion because he has not received Respondent's response to his Petition by the Court-ordered deadline of December 7, 2018. (Id.) Williams asserts that "it appears [R]espondent has

18cv1833-WQH(MSB)

conceded to [the] issues and claims" in the Petition and has not requested to extend the deadline to respond to the Petition. (Id.)

"The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment." Gordon, 895 F.2d at 612; see also Crim, 2011 WL 1636867, at *12 ("Even where a respondent is delinquent, the Court is obligated to hear the case on its merits."). Further, a review of the court docket reflects that on November 30, 2018, Respondent moved the Court to continue the deadline to respond to the Petition from December 7, 2018, until February 6, 2019. (See Ex Parte Appl. 1, ECF No. 8.) Respondent's request was filed more than one week before the deadline and was timely. The Court granted the request and extended Respondent's deadline to file a motion to dismiss or an answer until February 6, 2019. (See Order, ECF No. 9.) Respondent therefore did not violate the Court's order to respond. Accordingly, Petitioner's Motion for Default Judgment should be denied. See Gordon, 895 F.2d at 612; see also Evans v. Hartley, No. 1:11–cv–1424–LJO–SKO–HC, 2011 WL 5436286, at *1 (E.D. Cal. Nov. 9, 2011) (recommending that petitioner's motion for default judgment de denied, where respondent timely requested and was granted a continuance of the deadline to respond to petitioner's Petition; finding "no inappropriate delay on the part of Respondent in responding to the petition or other failure by Respondent to comply with the Court's order to respond."), report and recommendation adopted, No. 1:11–cv–01424–LJO–SKO–HC, 2012 WL 28570, at *1 (E.D. Cal. Jan. 4, 2012).

## IV.  CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, the Court **RECOMMENDS** that the District Judge issue an Order approving and adopting this Report and Recommendation **DENYING** Petitioner's Motion for Default.

**IT IS ORDERED** that no later than **January 11, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 25, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: December 14, 2018

Honorable Michael S. Berg
United States Magistrate Judge

18cv1833-WQH(MSB)