UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>       Petitioner,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>       Respondents. | Case No.: 18cv1833-WQH(MSB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br>**[ECF NO. 15]** |

On January 17, 2019, Petitioner, a state prisoner proceeding pro se, filed a motion asking the Court to appoint counsel. (Mot. Appointment Counsel, ECF No. 15.) Petitioner claims that he has mental disabilities, which include attention deficit hyperactivity disorder ("ADHD") and dyslexia, as well as reading and learning disabilities, and contends that he was assigned a "prison T.A.B.E. score[1] of 1.9." (Id. at 1-2.) Williams maintains that he lacks legal education, the case involves complex legal and constitutional issues, and he has been litigating the case with the help of another

---

[1] "The TABE (Tests of Adult Basic Education) scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level." Reynaldo v. Arnold, No. 2:15–cv–2182 KJM DB P, 2017 WL 3981602, at *3 (E.D. Cal. Sept. 11, 2017).

inmate, who is no longer available to assist him due to a recent transfer.  (Id.)  Petitioner further asserts that he will be temporarily relocated to Los Angeles County Jail, where he will not have access to law library or legal materials.  (Id. at 2-3.)  Williams also alleges that he is indigent, cannot "properly litigate this case" and meet his deadline to oppose Respondent's motion to dismiss, and this case will be "severely hindered and prejudiced" if counsel is not appointed to represent him.  (Id. at 1, 3.)  Having considered Petitioner's motion and the applicable law, the Court **DENIES** the motion for the reasons set for below.

## I. LEGAL STANDARD

### A. Right to Counsel

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice, 816 F.3d 1241, 1244 (9th Cir. 2016) (noting that there is no federal constitutional right to appointment of counsel in postconviction collateral attacks on a conviction or sentence in state or federal court).  Courts may, however, appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 when "the interests of justice so require."  See 18 U.S.C. § 3006A(a)(2)(B); Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted) ("Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.").  Courts have discretion in determining whether to appoint counsel, unless an evidentiary hearing is necessary.  See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (citation omitted); Jernigan v. Edward, No. 15cv2793-BTM (RBB), 2016 WL 3220089, at *1 (S.D. Cal. June 10, 2016).

Under 28 U.S.C. § 1915(e)(1), courts may exercise their discretion to appoint counsel for indigent civil litigants only in "exceptional circumstances."  Agyeman v. Corr. Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted).  When assessing

whether exceptional circumstances exist, courts must evaluate "the likelihood of the plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Both of these factors must be reviewed before deciding whether to appoint counsel, and neither factor is individually dispositive. Wilborn, 789 F.2d at 1331.

**B.　Competency**

A district court is required to hold a competency hearing "when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). If a competency hearing is warranted, the Court may appoint counsel for the limited purpose of representing the petitioner at the competency hearing. Id. (citing Rule 8(c) of the Rules Governing Section 2254 Cases). In determining whether a petitioner has presented "substantial evidence of incompetence," a court may consider such evidence as sworn declarations from the petitioner or other inmates, sworn declarations or letters from treating or prison psychiatrists or psychologists, and relevant medical records. See id. at 1151-53; Bogarin v. Hatton, Case No.: 16cv2793-BTM (BLM), 2018 WL 5111914, at *2 (S.D. Cal. Oct. 10, 2018).

## II. DISCUSSION

The Court finds that Petitioner has not established the required exceptional circumstances for appointment of counsel. Despite Petitioner's claimed lack of understanding of the law, he has sufficiently represented himself to date, and has drafted and submitted numerous documents without the assistance of legal counsel. In addition to the instant motion, Petitioner has submitted the Petition for Writ of Habeas Corpus [ECF No. 1], motion for leave to proceed *in forma pauperis* [ECF No. 3], prisoner trust account statement [ECF No. 4], motion for judgment by default [ECF No. 11], an opposition to Respondent's motion to continue briefing schedule [ECF No. 13], and an opposition to Respondent's motion to dismiss [ECF No. 18]. The Court has reviewed these documents, and concludes that Petitioner has a sufficient grasp of his case and

3

18cv1833-WQH(MSB)

the legal issues involved, and is able to articulate the grounds for his Petition. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."); see also Myers v. Basto, Case No.: 18cv2239-DMS(BLM), 2019 WL 265134, at *1-2 (S.D. Cal. Jan. 18, 2019) (finding that plaintiff failed to allege the requisite "exceptional circumstances" warranting the appointment of counsel, where the plaintiff argued that he was unable to afford counsel, had "very limited" access to law library, and that "imprisonment [would] greatly limit his ability to litigate properly."); Taa v. Chase Home Fin., No. 5:11–CV–00554 EJD, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting that plaintiffs' lack of legal training and poverty did not constitute exceptional circumstances, because many other litigants face similar difficulties when proceeding pro se). The Court also finds that at this stage in the proceedings, Petitioner has not demonstrated a likelihood of success on the merits. See Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331.

Further, the interests of justice do not warrant the appointment of counsel in this case. Courts are required to construe a petition filed by a pro se litigant more liberally than a petition drafted by counsel. See Knaubert, 791 F.2d at 729. "The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." Id. (citations omitted). In his Petition for Writ of Habeas Corpus, Petitioner challenges the California Board of Parole Hearings' decision finding him not eligible for parole after conducting a nonviolent parole review under California Proposition 57. (See Pet., ECF No. 1.) The Petition contains claims that the Court will be able to properly resolve by reviewing the state court record independently, and the "additional assistance provided by attorneys, while significant, is not compelling." See Knaubert, 791 F.2d at 729; see also Bogarin, 2018 WL 5111914, at *3 (same); Redd v. Trimble, No. 11-cv-1275 LAB (WMc), 2011 WL 3844114, at *3 (S.D.

Cal. Aug. 30, 2011) (same); Hammond v. Almager, No. 08cv1051 JM (NLS), 2008 WL 4279417, at *2 (S.D. Cal. Sept. 16, 2008) (same).

Turning to Petitioner's claims that his limited education and access to legal materials will preclude him from meeting the Court's deadline to oppose Respondent's motion to dismiss, the Court notes that Petitioner filed his opposition to the motion on February 22, 2019 [ECF No. 18], more than two weeks before the deadline set by the Court [ECF No. 18]. Because Petitioner has adequately articulated his claims and set forth his legal arguments, the Court does not find that the interests of justice require the appointment of counsel. See Bogarin, 2018 WL 5111914, at *3 (citing Marlow v. Frakes, No. C09-5455 RJB/KLS, 2010 WL 3786862, at *14 (W.D. Wash. Aug. 16, 2010), report and recommendation adopted, No. C09-5455 RJB/KLS, 2010 WL 3786804 (W.D. Wash. Sept. 23, 2010) (denying motion for appointment of counsel based on petitioner's claims that the legal issues in his case were "extremely complex" and he was "uneducated, illiterate and must rely on a reader/writer who is not trained in the law," because petitioner was able to file appropriate papers to articulate his claims). Petitioner's reliance on another inmate for assistance in drafting his Petition does not warrant a different outcome. See id. at *2 n.1 ("Petitioner's reliance on another inmate for assistance in drafting his petition does not alter [the Court's conclusion that petitioner had a sufficient grasp of his case and the legal issues involved, and was able to articulate the grounds for his petition]."); Montano v. Solomon, No. 2:07-CV-0800 KJN P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying indigent plaintiff's motion for appointment of counsel as failing to present an exceptional circumstance under 28 U.S.C. § 1915(e)(1), where plaintiff had "adequately presented, albeit through another inmate, the salient factual allegations of th[e] case . . . as well as the matters now before the court.").

Finally, to the extent Petitioner is alleging that the appointment of counsel is warranted on the ground that he is incompetent due to a mental illness or disability, he has not submitted the required "substantial evidence" of incompetence to warrant a

competency hearing. See Allen, 408 F.3d at 1153. Petitioner does not claim that his alleged mental disabilities have prevented him from understanding and responding to court orders, and Petitioner's filings in this case reinforce this conclusion. Accordingly, the Court finds there is no basis for a competency hearing, and, consequently, there is no need to appoint counsel to participate in that hearing. See Bogarin, 2018 WL 5111914, at *3 (finding lack of substantial evidence to warrant a competency hearing, where "[p]etitioner's TABE test results and four-year old psychological evaluation d[id] not support a finding that [p]etitioner's depression, anxiety, borderline intellectual functioning screening result, and level of literacy prevent him from understanding and responding to court orders."); Farley v. Kernan, No. 16cv188 LAB (BGS), 2017 WL 412259, at *4 (S.D. Cal. Jan. 31, 2017) (finding lack of substantial evidence to justify a competency hearing, where petitioner's medical records did not indicate that he was unable to comprehend the proceedings or respond to the court, and petitioner's filings evidenced his ability to comprehend and respond appropriately).

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel. See LaMere, 827 F.2d at 626 (finding that district court did not abuse its discretion in declining to appoint counsel, where the pleadings established that petitioner understood the issues and was able to present his contentions); Knaubert, 791 F.2d at 729-30 (finding that district court did not abuse its discretion in declining to appoint counsel, where evidentiary hearing was not warranted).

**IT IS SO ORDERED**.

Dated: March 8, 2019

Honorable Michael S. Berg
United States Magistrate Judge